UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

F I L E D
SEP 1 5 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CHARLES A. POWELL AND JANICE F. POWELL ) | Case No. 1:16-cv-1186 (CmH(TCB) |
| ) | COMPLAINT FOR: |
| Plaintiffs, ) | 1. LACK OF STANDING TO FORECLOSE; |
| vs. ) | 2. FRAUD IN THE CONCEALMENT; |
| ) | 3. FRAUD IN THE INDUCEMENT; |
| BSM FINANCIAL, L.P. DBA ) | 4. QUIET TITLE; |
| BROKERSOURCE; JPMORGAN ) | 5. SLANDER OF TITLE; |
| CHASE BANK, NATIONAL ) | 6. DECLARATORY RELIEF; |
| ASSOCIATION AS TRUSTEE FOR ) | 7. VIOLATIONS OF TILA; |
| SECURITIZED TRUST STRUCTURED ) | 8. VIOLATIONS OF RESPA; |
| ADJUSTABLE RATE MORTGAGE ) | 9. RESCISSION. |
| LOAN TRUST 2005-10; LEHMAN ) | |
| BROTHERS HOLDINGS INC.; ) | |
| STRUCTURED ASSET SECURITIES ) | |
| CORPORATION; THE BANK OF NEW ) | |
| YORK MELLON FKA THE BANK OF ) | |
| NEW YORK; AURORA LOAN ) | |
| SERVICES LLC; MORTGAGE ) | |
| ELECTRONIC REGISTRATION ) | |
| SYSTEM, AKA "MERS" AND DOES 1 ) | |
| THROUGH 100, INCLUSIVE ) | |
| Defendants. | |

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, CHARLES A. POWELL and JANICE F. POWELL
("Plaintiff"), complaining of the Defendants as named above, and each of them, as follows:

## I. THE PARTIES

1.  Plaintiffs are now, and at all times relevant to this action, residents of the County of FAIRFAX, Commonwealth of VIRGINIA.

2.  Defendant, BSM FINANCIAL, L.P. DBA BROKERSOURCE (herein referred to as "BSM FINANCIAL, L.P. DBA BROKERSOURCE ") is a National Banking Association, doing business in the County of FAIRFAX, Commonwealth of VIRGINIA. Plaintiff is further informed and believes, and thereon alleges, that BSM FINANCIAL, L.P. DBA BROKERSOURCE is the Originator of the loan.

3.  Defendant, The BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK (herein referred to as " THE BANK OF NEW YORK") is a National Banking Association, doing business in the County of FAIRFAX, Commonwealth of VIRGINIA. Plaintiff is further informed and believes, and thereon alleges, that THE BANK OF NEW YORK is the Bank attempting to foreclose on the Property.

4.  Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (herein referred to as "JPMORGAN CHASE"), as Trustee for securitized trust STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST 2005-10 (herein referred to as "TRUST 2005-10"). Plaintiff is informed and believes, and thereon alleges that, Defendant JPMORGAN CHASE, is a national banking association, doing business in the County of FAIRFAX, Commonwealth of VIRGINIA and is the purported Master Servicer for Securitized Trust and/or a purported participant in the imperfect securitization of the Note and/or the Mortgage/Deed of Trust as more particularly described in this Complaint.

5.  Defendant, LEHMAN BROTHERS HOLDINGS INC.. Plaintiff is informed and believes, and thereon alleges that, Defendant LEHMAN BROTHERS HOLDINGS INC., is a corporation, doing business in the County of FAIRFAX, Commonwealth of VIRGINIA and is the purported Sponsor for Securitized Trust and/or a purported participant in the imperfect securitization of the Note and/or the Mortgage/Deed of Trust as more particularly described in this Complaint.

6.  Defendant, STRUCTURED ASSET SECURITIES CORPORATION. Plaintiff is informed and believes, and thereon alleges that, Defendant STRUCTURED ASSET SECURITIES CORPORATION, is a corporation, doing business in the County of FAIRFAX, Commonwealth of VIRGINIA and is the purported Depositor for Securitized Trust and/or a

---

purported participant in the imperfect securitization of the Note and/or the Mortgage/Deed of Trust as more particularly described in this Complaint.

7. Defendant, AURORA LOAN SERVICES LLC Plaintiff is informed and believes, and thereon alleges that, Defendant AURORA LOAN SERVICES LLC, is a corporation, doing business in the County of FAIRFAX, Commonwealth of VIRGINIA and is the purported Master Servicer for Securitized Trust and/or a purported participant in the imperfect securitization of the Note and/or the Mortgage/Deed of Trust as more particularly described in this Complaint.

8. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., aka MERS ("MERS"), Plaintiff is informed and believes, and thereon alleges, that MERS is a corporation duly organized and existing under the laws of VIRGINIA, whose last known address is 1818 Library Street, Suite 300, Reston, Virginia 20190. MERS is doing business in the County of FAIRFAX, Commonwealth of VIRGINIA. Plaintiff is further informed and believes, and thereon alleges, that Defendant MERS is the purported Beneficiary under the Mortgage/Deed of Trust and/or is a purported participant in the imperfect securitization of the Note and/or the Mortgage/Deed of Trust, as more particularly described in this Complaint.

9. At all times relevant to this action, Plaintiff has owned the Property located at **8462 SUMMER BREEZE LANE SPRINGFIELD, VA 22153 (the "Property")**.

10. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

11. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

---

## II. JURISDICTION

12. The transactions and events which are the subject matter of this Complaint all occurred within the County of FAIRFAX, Commonwealth of VIRGINIA.

13. The Property is located within the County of FAIRFAX, Commonwealth of VIRGINIA with an address of 8462 SUMMER BREEZE LANE SPRINGFIELD, VA 22153.

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Truth in Lending Act, Home Ownership and Equity Protection Act, and Real Estate Settlement Procedures Act, the remaining allegations.

15. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## III. INTRODUCTORY ALLEGATIONS

16. This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

17. Plaintiff, homeowner, disputes the title and ownership of the real property in question, located at **8462 SUMMER BREEZE LANE SPRINGFIELD, VA 22153** which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership of Plaintiff's mortgage note and/or Mortgage/Deed of Trust, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Mortgage/Deed of Trust related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiff's Home which is described in detail herein. For these reasons, the Court should Quiet Title to the property in Plaintiff's name.

18. Additionally, Plaintiff homeowner brings causes of action against all defendants for fraud, rescission, declaratory relief based, and violations of T.I.L.A., R.E.S.P.A., and H.O.E.P.A, upon the facts and circumstances surrounding Plaintiff's original loan transaction and subsequent securitization. Defendants' violations of these laws are additional reasons this Court should quiet title in Plaintiff's property in Plaintiff and award damages, rescission, declaratory judgment, and injunctive relief as requested below.

19. Plaintiff alleges that Defendants, and each of them, cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Mortgage/Deed of Trust, resulting in imperfect security interests and claims.

20. Plaintiff further alleges that Defendants, and each of them, cannot establish possession and proper transfer and/or indorsement of the Promissory Note and/or proper assignment of the Mortgage/Deed of Trust herein; therefore, none of the Defendants have perfected any claim of title or security interest in the Property. Defendants, and each of them, do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired.

21. Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants due to a Notice of Foreclosure Sale being sent regarding a foreclosure set on **October 4, 2016,** and each of them. Plaintiff desires a judicial determination and declaration of its rights with regard to the Property and the corresponding Promissory Note and Mortgage/Deed of Trust. Please see Exhibit "A".

22. Plaintiff also seeks redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:

    a. An invalid and unperfected security interest in Plaintiff's Home hereinafter described;

    b. Void "True Sale(s)" violating VIRGINIA law and express terms of the Pooling and Servicing Agreement ("PSA") governing the securitization of Plaintiff's mortgage;

    c. An incomplete and ineffectual perfection of a security interest in Plaintiff's Home;

## IV. <u>SPECIFIC ALLEGATIONS</u>

23. On or about APRIL 21, 2006 (hereinafter referred to as "Closing Date") Plaintiff, CHARLES POWELL, solely, entered into a consumer credit transaction with BSM FINANCIAL, L.P. by obtaining a mortgage loan secured by Plaintiff's principal residence, (Subject Property). This note was secured by a First Mortgage/Trust Deed on the Property in favor of BSM FINANCIAL, L.P.

24. Susan Shaffer, may be known as Susan Shaefer, was the original loan officer working for BSM Financial/Millenium Services. Upon information and belief, Susan Shaffer was involved in the fruadulent scheme with Lisa Gerideau-Williams scheme. Please see attached.

25. Additionally, Defendants, and each of them, including representatives of the Banks, neither explained the workings of the entire mortgage loan transaction, how the rates, finance charges, costs and fees were computed, nor the inherent volatility of the loan product(s)

provided by Defendants. It is further believed that all payments Plaintiff made were not properly accounted due to the fraud that was prevalent with Millennium Services and BSM.

26. The purpose of entering into the above-described mortgage loan transactions was for Plaintiff to eventually own the Property. That purpose was knowingly and intentionally thwarted and indeed made impossible by Defendants' combined actions as alleged herein.

27. The Plaintiff continued to make payments to BSM Financial until Plaintiff could not contact BSM anymore, Plaintiff made contact with MERS, MERS informed Plaintiffs that the accounts were closed. SLS sent notices regarding the loan, however, they would not state who they were the servicer for. At the time, Bank of America advised them that they were not the holder of the Note. Plaintiff was not aware of who was the alleged Owner of the Note until in 2014, Bank of America, NA, case number 2014-09498, filed suit regarding an alleged discrepancy in the Deed of Trust Release. Due to prior counsel not listening to wishes of the Plaintiffs, it is not known what the resulting actions of the case was, as Plaintiff had to file a bar complaint for prior counsel to withdraw.

28. Plaintiffs have not received a notice of default or anything regarding this Note/Mortgage from Bank of New York Mellon until this past week.

## V. FIRST CAUSE OF ACTION:
## LACK OF STANDING/WRONGFUL FORECLOSURE
## (AGAINST BANK OF NEW YORK MELLON AND ANY SUCCESSOR IN
## INTEREST)

29. Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though fully set forth herein.

30. An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, do not have the right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Property, or cannot prove to the court they have a valid interest as a real party in interest to foreclose. Thus, the purported power of sale, or power to foreclose judicially, by the above specified Defendants, and each of them, no longer applies.

31. Plaintiff is informed and believes and there upon allege that the only individual who has standing to foreclose is the holder of the note because they have a beneficial interest. The only individuals who are the holder of the note are the certificate holders of the securitized

trust because they are the end users and pay taxes on their interest gains; furthermore, all of the banks or other entities holding the note in the middle of the chain of transfers were paid in full.

32.  Plaintiff further contends that the above specified Defendants, and each of them, do not have the right to foreclose on the Property because said Defendants, and each of them, did not properly comply with the terms of Defendants' own securitization requirements and falsely or fraudulently prepared documents required for Defendants, and each of them, to foreclose as a calculated and fraudulent business practice.

33.  Plaintiff requests that this Court find that the purported power of sale contained in the Note and Mortgage/Deed of Trust has no force and effect at this time, because Defendants' actions in the processing, handling and attempted foreclosure of this loan involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants, and each of them. Plaintiff further requests that title to the Property remain in its name, with said Mortgage/Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation, and deem that any attempted sale of the Property is "unlawful and void".

**B.      Defendant MERS Cannot be a Real Party in Interest in a Securitized Mortgage**

34.  Since the creation of Plaintiff's Note herein and Mortgage/Deed of Trust, Defendant MERS was named the "beneficiary" of the Mortgage/Deed of Trust.

35.  Plaintiff is informed and believes, and thereon alleges, that Defendant MERS lacks the authority under its corporate charter to foreclose a mortgage, or to own or transfer an interest in a securitized mortgage because MERS charter limits MERS' powers and duties to functioning as an electronic registration system of certain types of securities.

36.  Plaintiff is informed and believes, and thereon alleges, that in order to conduct a foreclosure action, a person or entity must have standing.

37.  Plaintiff is informed and believes, and thereon alleges, that pursuant to New York law, to perfect the transfer of mortgage paper as collateral, the owner should physically deliver the note to the transferee. Without physical transfer, the sale of the note is invalid as a fraudulent conveyance or as unperfected.

38.  The Note in this action identifies the entity to whom it was payable, the original lender. Therefore, the Note herein cannot be transferred unless it is indorsed; the attachments to the

notice of default do not establish that indorsements were made, nor are there any other notices which establish that the original lender indorsed and sold the note to another party.

39. Furthermore, insofar as the parties to the securitization of Plaintiff's Note and Mortgage/Deed of Trust base their claim that the Note was transferred or assigned to Defendant JPMORGAN CHASE, the Trustee of the Securitized Mortgage herein, by the original lender, it is well established state law that the assignment of a Mortgage/Deed of Trust does not automatically assign the underlying promissory note and right to be paid and the security interest is incident of the debt.

40. Pursuant to state law, to perfect the transfer of mortgage papers as collateral for a debt, the owner should physically deliver the note to the transferee. Without physical transfer, the sale of the note is invalid as a fraudulent conveyance, or as unperfected. The Note herein specifically identifies the party to whom it was payable to and the Note, therefore, cannot be transferred unless it is indorsed.

41. Defendants, and each of them, cannot produce any evidence that the Promissory Note has been transferred; therefore, Defendant MERS could only transfer whatever interest it had in the Mortgage/Deed of Trust herein. The Promissory Note and Mortgage/Deed of Trust are inseparable: an assignment of the Note carries the mortgage (ie, Mortgage/Deed of Trust) with it, while an assignment of the Mortgage/Deed of Trust alone is a nullity.[1] Therefore, if one party receives the Note and another party receives the Mortgage/Deed of Trust (as in this case), the holder of the Note prevails regardless of the order in which the interests were transferred.

42. Defendants MERS has failed to submit documents authorizing MERS, as nominee for the original lender, to assign the subject mortgage to the foreclosing trustee. Hence, MERS lacked authority as mere nominee to assign Plaintiff's mortgage, making any assignment from MERS defective.

43. In the instant action, MERS, as the nominee not only lacks authority to assign the mortgage, but cannot demonstrate the Trustee's knowledge or assent to the assignment by MERS to the foreclosing trustee.

44. Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying note, is void under law. Therefore, Defendant, MERS, cannot establish that it

---

[1] *Williams v. Gifford*, 139 Va. 779 (1924); *Benkahla v. White*, 82 Va. Cir. 116 (2011).

is entitled to assert a claim in this case. For this reason, as well as the other reasons set forth herein below, MERS cannot transfer an interest in real property, and cannot recover anything from Plaintiff.

45. Defendants, and each of them, through the actions alleged above, have or claim the right to illegally commence foreclosure under the Note on the Property via a foreclosure action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Plaintiff's great and irreparable injury in that real property is unique.

46. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of its Home and will lose the Property.

47. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it will be impossible for Plaintiff to determine the precise amount of damage it will suffer.

## VI. SECOND CAUSE OF ACTION:
### FRAUD IN THE CONCEALMENT
#### (AGAINST BSM FINANCIAL, L.P. DBA BROKERSOURCE AND ANY SUBSEQUENT ACQUIERIER/MERGER OF BSM FINANCIAL, L.P. DBA BROKERSOURCE)

48. Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though fully set forth herein.

49. Defendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements, including, inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions. By concealing the securitization, Defendant concealed the fact that Borrower's loan changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans. Changing the character of the loan in this way had a materially negative effect on Plaintiff that was known by Defendant but not disclosed.

---

50. Defendant knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loans.

51. Defendant intended to induce Plaintiff based on these misrepresentations and improper disclosures.

52. Plaintiff's reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiff could have been alerted to issues of concern. Plaintiff would have known of Defendants true intentions and profits from the proposed risky loan. Plaintiff would have known that the actions of Defendant would have an adverse effect on the value of Plaintiff's home.

53. Defendants' failure to disclose the material terms of the transaction induced Plaintiff to enter into the loans and accept the Services as alleged herein.

54. Defendants were aware of the misrepresentations and profited from them.

55. As a direct and proximate result of the misrepresentations and concealment Plaintiff was damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, emotional distress, and Plaintiff has incurred costs and attorney's fees.

56. Defendants are guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

## VII. THIRD CAUSE OF ACTION:
## FRAUD IN THE INDUCEMENT
## (AGAINST BSM FINANCIAL, L.P. DBA BROKERSOURCE AND ANY SUBSEQUENT ACQUIERIER/MERGER OF BSM FINANCIAL, L.P. DBA BROKERSOURCE)

57. Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though fully set forth herein.

58. Defendants, intentionally misrepresented to Plaintiff those Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust. In fact, Defendants were not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the Property.

59. Defendants misrepresented that they are the "holder and owner" of the Note and the beneficiary of the Mortgage/Deed of Trust. However, this was not true and was a misrepresentation of material fact. Documents state that the original lender allegedly sold the mortgage loan to TRUST 2005-10 Trust. Defendants were attempting to collect on a debt to which they have no legal, equitable, or pecuniary interest in. This type of conduct is outrageous. Defendants are fraudulently foreclosing on the Property which they have no monetary or pecuniary interest. This type of conduct is outrageous.

60. Defendant's failure to disclose the material terms of the transaction induced Plaintiff to enter into the loans and accept the Services as alleged herein.

61. The material misrepresentations were made by Defendants with the intent to cause Plaintiff to reasonably rely on the misrepresentation in order to induce the Plaintiff to rely on the misrepresentations and foreclosure on the Property. This material misrepresentation was made with the purpose of initiating the securitization process as illustrated above, in order to profit from the sale of the Property by selling the note to sponsors who then pool the note and sell it to investors on Wall Street and other New York investment banks.

62. Defendants were aware of the misrepresentations and profited from them.

63. As a direct and proximate result of the misrepresentations and concealment, Plaintiff was damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, emotional distress, and Plaintiff has incurred costs and attorney's fees.

64. Defendants are guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

### IX. FOURTH CAUSE OF ACTION:
### SLANDER OF TITLE
### (AGAINST ALL DEFENDANTS)

65. Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though fully set forth herein.

66. Plaintiff incorporates here each and every allegation set forth above. Defendants, and each of them, disparaged Plaintiff's exclusive valid title by and through the preparing, posting,

publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidencing the commencment of judicial foreclosure by a party who does not possess that right.

67. Said Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff's legal title to the Property. By posting, publishing, and recording said documents, Defendants' disparagement of Plaintiff's legal title was made to the world at large.

68. As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in an amount to be proved at trial.

69. As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses in order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff's title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this time.

70. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to his and her health and well-being, and continues to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

71. At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff and deprive them of their exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means.

72. The conduct of the Defendants in publishing the documents described above was fraudulent, oppressive, and malicious. Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their malicious conduct and deter such misconduct in the future.

## X. FIFTH CAUSE OF ACTION:

---

## QUIET TITLE
## (AGAINST ALL DEFENDANTS)

73. Plaintiff's title to the above-described property is derived as follows: On or about April 21, 2006 (hereinafter referred to as "Closing Date") Plaintiff CHARLES POWELL entered into a consumer credit transaction with BSM FINANCIAL, L.P. DBA BROKERSOURCE by obtaining a mortgage loan secured by Plaintiff's principal residence, (Subject Property). This note was secured by a First Trust Deed on the Property in favor of BSM FINANCIAL, L.P. DBA BROKERSOURCE.

74. All Defendants named herein claim an interest and estate in the property adverse to plaintiff in that defendant asserts he is the owner of the note secured by the Mortgage/Deed of Trust to the property the subject of this suit.

75. All Defendants named herein claims an interest and estate in the property adverse to plaintiff in that defendant asserts he is the owner of Mortgage/Deed of Trust securing the note to the property the subject of this suit.

76. The claim of all defendant are without any right whatsoever, and defendants have no right, estate, title, lien or interest in or to the property, or any part of the property.

77. The claim of all defendant herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title to the property.

78. Plaintiff, therefore, alleges, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

79. Plaintiff requests the decree permanently enjoin defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to plaintiff's title to the property; and

80. Plaintiff request the court award plaintiff costs of this action, and such other relief as the court may deem proper.

## XI. SIXTH CAUSE OF ACTION:
## DECLARATORY RELIEF
## (AGAINST ALL DEFENDANTS)

81. Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though fully set forth herein.

82. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Mortgage/Trust Deed as Defendant's are attempting to sell the property at a foreclosure sale on **October 4, 2016.**

83. Plaintiff contends that pursuant to the Loans, Defendants do not have authority to foreclose upon and sell the Property.

84. Plaintiff is informed and believes and upon that basis alleges that Defendants dispute Plaintiff's contention and instead contend they may properly foreclose upon the Property.

85. Plaintiff therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

86. Plaintiff requests a determination of the validity of the Mortgage/Trust Deeds as of the date the Notes were assigned without a concurrent assignation of the underlying Trust Deeds.

87. Plaintiff requests a determination of the validity of the NOD (Notice Of Default).

88. Plaintiff requests a determination of whether any Defendant has authority to foreclose on the Property.

89. Plaintiff requests all adverse claims to the real property be must determined by a decree of this court.

90. Plaintiff requests the decree declare and adjudge that plaintiff is entitled to the exclusive possession of the property.

91. Plaintiff requests the decree declare and adjudge that plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

92. Plaintiff requests the decree declare and adjudge that defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

### XII. SEVENTH CAUSE OF ACTION:
### VIOLATION OF TILA AND HOEPA, 15 U.S.C. § 1601, ET. SEQ.
### (AGAINST BSM FINANCIAL, L.P. DBA BROKERSOURCE AND ANY
### SUBSEQUENT ACQUIERIER/MERGER OF BSM FINANCIAL, L.P. DBA
### BROKERSOURCE)

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. Plaintiff alleges that the loan that is the subject matter of this complaint was and is a consumer-credit transaction within the meaning of TILA and HOEPA.

95. Defendants violated TILA/HOEPA by failing to provide Plaintiff with accurate material disclosures required under TILA/HOEPA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders. It also requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix.

96. Any and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et.seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices.

97. As a further direct and proximate result of defendants' conduct, Plaintiff lost substantial equity in their home, in that they were unable to refinance when their home had a higher appraisal value.

98. As a direct and proximate result of defendants' conduct, Plaintiff was unable to refinance their home or to obtain any modification of their loan, which has resulted in Plaintiff being permanently burdened by the fraudulent loan made by defendants.

99. An actual controversy now exists between Plaintiff, who contends she has the right to rescind the loan on the Subject Property alleged in this Complaint, and based on information and belief, Defendants deny that right.

100. As a direct and proximate result of Defendants' violations Plaintiff have incurred and continue to incur damages in an amount according to proof but not yet ascertained including without limitation, statutory damages and all amounts paid or to be paid in connection with the transaction.

101. Defendants were unjustly enriched at the expense of Plaintiff who is therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants.

102.     Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

## XIII. EIGHTH CAUSE OF ACTION:

### VIOLATION OF RESPA, 1 U.S.C. § 2601 ET. SEQ.
### (AGAINST BSM FINANCIAL, L.P. DBA BROKERSOURCE AND ANY SUBSEQUENT ACQUIERIER/MERGER OF BSM FINANCIAL, L.P. DBA BROKERSOURCE)

103.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.     The loan to Plaintiff was a federally regulated mortgage loan as defined in RESPA.

105.     Housing and Urban Development's (HUD's) 1999 Statement of Policy established a two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA:

a) Whether goods or facilities were actually furnished or services were actually performed for the compensation paid and;

b) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

106.     In applying this test, HUD believes that total compensation should be scrutinized to assure that it is reasonably related to the goods, facilities, or services furnished or performed to determine whether it is legal under RESPA. The interest and income that Defendants have gained is disproportionate to the situation Plaintiff find themselves in due directly to Defendant's failure to disclose that they will gain a financial benefit while Plaintiff suffer financially as a result of the loan product sold to Plaintiff.

107.     No separate fee agreements, regarding the use of BSM FINANCIAL, L.P. DBA BROKERSOURCE Cost of Savings" as the Index for the basis of this loan, Disclosures of additional income due to interest rate increases or the proper form and procedure in relation to the Borrower's Rights to Cancel were provided.

108.     Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall. These actions were deceptive, fraudulent and self-serving.

---

109.    As a proximate result of Defendants' actions, Plaintiff has been damages in an amount not yet ascertained, to be proven at trial.

### XIV. NINTH CAUSE OF ACTION:
### RESCISSION
### (AGAINST ALL DEFENDANTS)

110.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.    Plaintiff is entitled to rescind the loan and all accompanying loan documents for all of the foregoing reasons: 1) TILA Violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; 4) Fraudulent Inducement; 5) failure to abide by the PSA; 6) making illegal or fraudulent transfers of the note and Mortgage/Deed of Trust; and 5) Public Policy Grounds, each of which provides independent grounds for relief.

112.    The Truth In Lending Act, 15 U.S.C §1601, et.seq. extends Plaintiff's right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loans terms or Borrower's right to rescind. Here, Defendants have failed to properly disclose the details of the loan. Specifically, the initial disclosures do not initial TILA disclosures, and lack of diligence and collusion on the part of the broker, lender and underwriter to place Plaintiff in a loan she could not afford and would ultimately benefit Defendants following the negative amortization that accrued.

113.    The public interest would be prejudiced by permitting the alleged contract to stand; such action would regard an unscrupulous lender.

114.    As a proximate result of Defendants' actions, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

WHEREFORE, Plaintiff prays for rescission of the stated loan in its entirety.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff, will ask for the following for each Cause of Action to be awarded:

### FIRST CAUSE OF ACTION - STANDING

1. For Compensatory Damages in an amount to be determined by proof at trial;

2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;

4. For Punitive Damages as allowed by law;

5. For Restitution as allowed by law;

6. For Attorney's Fees and Costs of this action;

7. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a. Plaintiff, Plaintiff is the prevailing party;

    b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

    c. The Sponsor has no enforceable secured or unsecured claim against the Property;

    d. The Depositor has no enforceable secured or unsecured claim against the Property;

    e. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

    f. Determines all adverse claims to the real property in this proceeding;

    g. Plaintiff is entitled to the exclusive possession of the property;

    h. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

    i. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

**SECOND CAUSE OF ACTION – FRAUD IN THE CONCEALMENT**

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;

**THIRD CAUSE OF ACTION – FRAUD IN THE INDUCEMENT**

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;

## FOURTH CAUSE OF ACTION – SLANDER OF TITLE

1. For Compensatory Damages in an amount to be determined by proof at trial;

2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;

4. For Punitive Damages as allowed by law;

5. For Restitution as allowed by law;

6. For Attorney's Fees and Costs of this action;

7. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

   a. Plaintiff, Plaintiff is the prevailing party;

   b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

   c. The Sponsor has no enforceable secured or unsecured claim against the Property;

   d. The Depositor has no enforceable secured or unsecured claim against the Property;

   e. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

   f. Determines all adverse claims to the real property in this proceeding;

   g. Plaintiff is entitled to the exclusive possession of the property;

   h. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

   i. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## FIFTH CAUSE OF ACTION – QUIET TITLE

1. For Compensatory Damages in an amount to be determined by proof at trial;

2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;

4. For Punitive Damages as allowed by law;

5. For Restitution as allowed by law;

6. For Attorney's Fees and Costs of this action;

7. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

   a. Plaintiff, Plaintiff is the prevailing party;

   b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

   c. The Sponsor has no enforceable secured or unsecured claim against the Property;

   d. The Depositor has no enforceable secured or unsecured claim against the Property;

   e. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

   f. Determines all adverse claims to the real property in this proceeding;

   g. Plaintiff is entitled to the exclusive possession of the property;

   h. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

   i. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## SIXTH CAUSE OF ACTION – DECLARATORY RELIEF

1. For Compensatory Damages in an amount to be determined by proof at trial;

2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;

4. For Punitive Damages as allowed by law;

5. For Restitution as allowed by law;

6. For Attorney's Fees and Costs of this action;

7. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

   a. Plaintiff, Plaintiff is the prevailing party;

   b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

COMPLAINT

c. The Sponsor has no enforceable secured or unsecured claim against the Property;

d. The Depositor has no enforceable secured or unsecured claim against the Property;

e. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

f. Determines all adverse claims to the real property in this proceeding;

g. Plaintiff is entitled to the exclusive possession of the property;

h. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

i. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## SEVENTH CAUSE OF ACTION – VIOLATION OF T.I.L.A.

1. For Compensatory Damages in an amount to be determined by proof at trial;

2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;

4. For Punitive Damages as allowed by law;

5. For Restitution as allowed by law;

6. For Attorney's Fees and Costs of this action;

7. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

a. Plaintiff, Plaintiff is the prevailing party;

b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

c. The Sponsor has no enforceable secured or unsecured claim against the Property;

d. The Depositor has no enforceable secured or unsecured claim against the Property;

e. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

f.   Determines all adverse claims to the real property in this proceeding;

g.   Plaintiff is entitled to the exclusive possession of the property;

h.   Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

i.   Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## EIGHTH CAUSE OF ACTION – VIOLATION OF R.E.S.P.A.

1.  For Compensatory Damages in an amount to be determined by proof at trial;

2.  For Special Damages in an amount to be determined by proof at trial;

3.  For General Damages in an amount to be determined by proof at trial;

4.  For Punitive Damages as allowed by law;

5.  For Restitution as allowed by law;

6.  For Attorney's Fees and Costs of this action;

7.  For Declaratory Relief, including but not limited to the following Decrees of this Court that:

a.   Plaintiff, Plaintiff is the prevailing party;

b.   The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

c.   The Sponsor has no enforceable secured or unsecured claim against the Property;

d.   The Depositor has no enforceable secured or unsecured claim against the Property;

e.   The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

f.   Determines all adverse claims to the real property in this proceeding;

g.   Plaintiff is entitled to the exclusive possession of the property;

h.   Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

---

       i.    Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## NINTH CAUSE OF ACTION - RESCISSION

1.  For Compensatory Damages in an amount to be determined by proof at trial;

2.  For Special Damages in an amount to be determined by proof at trial;

3.  For General Damages in an amount to be determined by proof at trial;

4.  For Punitive Damages as allowed by law;

5.  For Restitution as allowed by law;

6.  For Attorney's Fees and Costs of this action;

7.  For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a.    Plaintiff, Plaintiff is the prevailing party;

    b.    The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

    c.    The Sponsor has no enforceable secured or unsecured claim against the Property;

    d.    The Depositor has no enforceable secured or unsecured claim against the Property;

    e.    The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

    f.    Determines all adverse claims to the real property in this proceeding;

    g.    Plaintiff is entitled to the exclusive possession of the property;

    h.    Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

    i.    Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## REQUEST FOR JURY BY TRIAL

Furthermore, Plaintiffs demand for trial by jury is hereby made on all issues so triable by a jury.

---

Respectfully submitted,

CHARLES POWELL

JANICE POWELL
3847 SHOREVIEW DR.
KISSIMMEE, FL 34744
301-204-3485

DATE: 9/12/16

## VERIFICATION

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

CHARLES POWELL

COMPLAINT

CERTIFICATE OF SERVICE

I hereby certify that on the  16 day of September, 2016,  I will mail the document by U.S. mail to the following:

Bank of New York Mellon FKA
225 Liberty Street
New York, NY 10286


Priority Trustee Services of VA, LLC
2970 Clairmont Road NE, Suite 780
Atlanta, Georgia 30329


Counsel
Janice F. Powell
3847 Shoreview Drive
Kissimmee, FL  34744
E-mail stormiam407@gmail.com
Phone:  301-204-3485