IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |  |
|---|---|---|
| CHARLES A. POWELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-1186 |
| | ) | |
| BSM FINANCIAL, L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' JP Morgan Chase Bank ("JP Morgan"); Bank of America, N.A. ("Bank of America"); Specialized Loan Services ("SLS"); Mortgage Electronic Registration System ("MERS"); The Bank of New York Mellon FKA The Bank of New York ("BONY"); and Aurora Loan Services LLC ("Aurora") (collectively, "Defendants") Motions to Dismiss the Amended Complaint.

This matter arises from a loan extended to the Plaintiffs in 2006 by BSM Financial in the original principal amount of $329,000. The loan was secured by a deed of trust on the Plaintiffs' home, located at 8462 Summer Breeze Lane, Springfield, Virginia. The Plaintiffs allege that BSM made certain errors in connection with the 2006 loan. They claim

that BSM may not have accounted for their payments properly, even though they allege to have made timely loan payments. In addition, only one of the Plaintiffs—Charles A. Powell—executed the 2006 deed of trust, while Plaintiff Janice F. Powell failed to do so. Furthermore, the 2006 deed of trust was apparently not recorded in the land records of Fairfax County, Virginia.

In 2014, in an attempt to correct these errors by BSM, Bank of America brought suit against the Plaintiffs in Fairfax County Circuit Court (the "Prior Case") to, among other things, seek declaratory relief that the deed of trust is a valid, first priority lien on the property. The Prior Case resulted in the entry of Summary Judgment in favor of Bank of America, followed by the entry of a Consent Judgment in furtherance of the grant of Summary Judgment.

The Circuit Court's Summary Judgment Order granted Bank of America a constructive trust against the property, deemed the deed of trust to have been signed by both Plaintiffs, and declared the deed of trust to be a valid and enforceable lien and security interest encumbering the fee simple interests of the Plaintiffs. The Summary Judgment Order further declared that the deed of trust may be enforced pursuant to its terms as a valid and enforceable lien security interest and as a mortgage encumbering the fee simple interests in the Property held by the Plaintiffs. The Consent Order, signed by Plaintiffs' counsel,

2

affirmed that the relief granted in the Summary Judgment Order applied retroactive to the date on which Bank of America recorded its lis pendens among the Land Records.

Plaintiffs received a notice of default from BONY during the week of September 5, 2016.  BONY is attempting to foreclose on the Property.  Shortly thereafter, on September 15, 2016, Plaintiffs filed a nine-count complaint in this Court, which was amended in October.  The amended complaint asserts general allegations of fraud against nine defendants.  These allegations relate to faulty securitization, fraudulent assignments of the mortgage loan, and wrongful foreclosure.  Plaintiffs claim that they are entitled to rescind the loan extended to them by BSM in 2006—which they defaulted on prior to 2014—and are entitled to keep the home secured by that loan free and clear of any liens.

Plaintiff's amended complaint presents nine claims: lack of standing to foreclose (Count 1); fraud in the concealment (Count 2); fraud in the inducement (Count 3); quiet title (Count 4); slander of title (Count 5), declaratory relief (Count 6); violations of the Truth in Lending Act ("TILA") (Count 7); violations of the Real Estate Settlement Procedures Act ("RESPA") (Count 8); and rescission of the deed of trust (Count 9).  Count 1 is brought against Defendants BONY and Bank of America; Counts 2, 3, 7, and 8 are brought against Defendant BSM Financial; and the rest of the counts are brought against all

3

Defendants. Six of the nine Defendants now move to dismiss the Second Amended Complaint.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court considering a motion to dismiss must accept all well-pled factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Id. After Iqbal, complaints are required to allege "a *plausible* claim for relief" instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphasis in original).

Count 1 must be dismissed because lack of standing to foreclose and wrongful foreclosure are not recognized causes of action in Virginia. See Hien Pham v. Bank of New York, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("Virginia does not recognize a cause of action for wrongful foreclosure."). Furthermore, Virginia is a non-judicial foreclosure state and there is no burden of proof imposed on a lender or servicer to proceed with

4

a non-judicial foreclosure. Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 720-21 (W.D. Va. 2011).

Counts 2 and 3 must be dismissed because Plaintiff fails to state claims on which relief could be had. Plaintiffs' arguments in these counts boil down to a claim that they were defrauded when they received a loan product that the original lender should have known they could not afford. However, Plaintiffs do not explain what false statements were made, when those statements were made, or how they detrimentally relied on those statements. See FED. R. CIV. P. (9(b). Plaintiffs' vague averments that they were somehow defrauded are not sufficient to give rise to a viable cause of action.

Counts 4, 6, and 9 must be dismissed pursuant to the doctrine of collateral estoppel. To preclude a claim under the doctrine of collateral estoppel, a party must show:

> (1) that the issue sought to be precluded is identical to one previously litigated; (2) that the issue was actually determined in the prior proceeding; (3) that the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) that the prior judgment is final and valid; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum.

Westmoreland Coal Co. v. Sharpe ex rel. Sharpe, 692 F.3d 317, 330-31 (4th Cir. 2012). These elements are met here. Plaintiffs allege that the Deed of Trust is invalid, and that Defendants do not have standing to enforce the deed of trust.

5

However, the validity of the Deed of Trust was the same primary issue addressed and adjudicated with the entry of Summary Judgment and the final Consent Order in the Prior Case. In that action, Bank of America was the plaintiff, the Plaintiffs in this action were represented by counsel, and Plaintiffs had a full and fair opportunity to litigate the same theories they assert here in the Prior Case. Plaintiffs further fail to articulate why they could not have raised their theories in the prior action, nor they assert any new factual allegations unknown previously. As a result, Plaintiffs are precluded and estopped from challenging the validity of the deed of trust.

Count 5 must be dismissed because slander of title is not sufficiently pled. Plaintiffs have not alleged that they suffered any special damages as a result of the publications relating to the foreclosure, a required element of a properly pled slander of title claim, much less with the specificity required by Federal Rule of Civil Procedure 9(g). See Redman v. Federal Nat'l Mortg. Ass'n, 2015 WL 149833, at *5 (E.D. Va. Jan 12, 2015); F. R. Civ. P. 9(g).

Counts 7 and 8 must be dismissed because they are untimely. Count 7 is barred by TILA's one-year statute of limitations, see 15 U.S.C. § 1640(e), and Count 8 is barred by RESPA's one-year statute of limitations, see 12 U.S.C. § 2614.

6

Because all of Plaintiffs' counts fail to state a claim upon which relief can be granted, it is hereby

ORDERED that Defendants' Motions to Dismiss are GRANTED, and this case is DISMISSED as to all Defendants.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 12, 2016